UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:18-CR-452-FL-2

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>TATYANA TEYF | MOTION TO QUASH THE GRAND JURY SUBPOENA SEEKING RECORDS OF FOREIGN BANK ACCOUNTS |

The undersigned, counsel of record for Tatyana Teyf, respectfully move this Court under the Fifth Amendment to the United States Constitution to issue an order quashing the February 22, 2019 grand jury subpoena directing Ms. Teyf to produce to the Government any records in her possession, custody, or control for the past 5 years relating to any financial accounts in any foreign country in which she allegedly has an interest. In support:

## BACKGROUND

On November 8, 2018, Ms. Teyf, the ex-wife of the Government's main target in this case, Leonid Teyf, was indicted on allegations of engaging in a conspiracy to commit money laundering, substantive money laundering allegations, and an allegation of conspiring to harbor illegal aliens. DE 1. This indictment was unsealed on December 12, 2018. On February 6, 2019, the Government obtained a superseding indictment against Ms. Teyf, and others, on similar charges. DE 127. On February 22, 2019, the Government obtained a grand jury subpoena directing Ms. Teyf to produce to the Government any records in her possession, custody, or control for the past 5 years relating to any financial accounts in any foreign country in which she allegedly has an interest. *See* Exhibit A. The subpoena purports to set a deadline of March 5, 2019 for compliance. *Id*.

## DISCUSSION

Ms. Teyf is an individual under indictment in this Court, is presumed to be innocent like anyone accused of a crime in our society, and holds a privilege under the Fifth Amendment to not be compelled to be a witnesses against herself in this case or in any other investigation that the Government may be conducting.

The grand jury has traditionally been understood to be both a sword and a shield but, as has been observed, it "earned its place in the Bill of Rights by its shield, not by its sword." *United States v. Cox*, 342 F.2d 167, 186 (5th Cir. 1965) (Wisdom, J., concurring); *accord In re Grand Jury Sub. John Doe*, 584 F.3d 175, 183 (4th Cir. 2007). Thus, a grand jury's demand to those who stand accused to make assertions, through process such as a subpoena, has constitutional boundaries. Those boundaries are heightened when the powers of the grand jury are being wielded as a sword against an individual, post-indictment.

The grand jury subpoena directed to Ms. Teyf, if enforced, violates her constitutional rights. The Fifth Amendment privilege against self-incrimination includes acts that imply assertions of fact. *Doe v. United States (Doe II)*, 487 U.S. 201, 209 (1988). This is known as the act of production doctrine. The act of production doctrine is triggered when a grand jury subpoena compels an individual (versus a corporation) to produce potentially incriminating documents or other forms of information because by the very act of producing the information means that the individual is implicitly testifying to the incriminating facts, i.e. authenticating (through tacit admissions that the information exits, is within the individual's control, and that the information is responsive to the subpoena request) the incriminating information. *Fisher v. United States*, 425 U.S. 391, 411-412(1976); *accord United States v. Doe (Doe I)*, 465 U.S. 605, 613-14 (1984) (ruling that a sole proprietorship--or single owner--business, under the act of

production doctrine rooted in the Fifth Amendment, does not have to produce its records in response to a grand jury subpoena).

The Supreme Court reinforced *Doe I* and *Fisher* in *United States v. Hubbell*:

> [W]e have no doubt that the constitutional privilege against self-incrimination protects the target of a grand jury investigation from being compelled to answer questions designed to elicit information about the existence of sources of potentially incriminating evidence. That constitutional privilege has the same application to the testimonial aspect of a response to a subpoena seeking discovery of those sources.

530 U.S. 27, 43-44 (2000) (grand jury subpoena seeking documents related to public corruption accusations served on a former DOJ official violated the Fifth Amendment under the act of production doctrine); *see also United States v. Thornson*, 633 F.3d 312, 320-21 (4th Cir. 2011) (withholding from production documents and information or otherwise refusing to comply with a grand jury document production subpoena, as distinguished from willfully producing falsified documents with a design to thwart a grand jury proceeding, "implicates" one's Fifth Amendment privilege against self-incrimination such that an obstruction enhancement under the advisory sentencing guidelines, U.S.S.G. § 3C1.1, does not apply).

Here, the Government recently obtained a grand jury subpoena directed at Ms. Teyf. The subpoena does not allege that she is merely a record custodian for an entity (or entities) of interest. Nor could it. She is a target of the Government's investigations in this case, because the Government has obtained two indictments so far against her. The Government's limited rights to reciprocal discovery in a pending criminal case are principally established under Fed. R. Crim. P. 16. The grand jury subpoena directed to Ms. Teyf is an end run on the Government's limited rights under Rule 16, and its attempt to direct her to produce, and essentially testify to the

authenticity of potentially incriminating information, through compulsory process in the form of a grand jury subpoena, runs afoul of Ms. Teyf's Fifth Amendment rights.

For these reasons, Ms. Teyf, through the undersigned, respectfully request that this Court issue an order quashing the February 22, 2019 grand jury subpoena directed to Ms. Teyf that demands that she produce any information obtained over the last 5 years that she may have in her possession, custody, or control relating to financial accounts in foreign countries.

Respectfully filed on March 3, 2019.

TARLTON | POLK PLLC

/s/ Raymond C. Tarlton
RAYMOND C. TARLTON
Attorney for Defendant
150 Fayetteville Street, Suite 930
Raleigh, North Carolina 27601
Post Office Box 1386
Raleigh, NC 27602
Telephone: 919.948-6464
Fax: 919.400.4200
E-mail: rtarlton@tarltonpolk.com
N.C. State Bar No. 38784

THE CHETSON FIRM, PLLC

/s/ Damon Chetson
Damon Chetson
*Attorney for Defendant*
N.C. State Bar #39575
19 W. Hargett St., Suite 920
Raleigh, NC 27601
Email: damon@chetson.com
Phone: (919) 352-9411
Fax: (919) 249-1396

*Designation: Retained*

CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that a copy of the foregoing was served upon all parties to this action as identified in the Notice of Electronic Filing generated by this filing by electronically filing the foregoing with the Clerk of Court using the CM/ECF system.

Date: March 3, 2019

      /s/ Raymond C. Tarlton
      RAYMOND C. TARLTON
      Counsel for the Defendant