IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:18-CR-00452-FL-2

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| TATYANA ANATOLYEVNA TEYF, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motion to quash grand jury subpoena dated February 22, 2019 (DE 167). The subpoena directs defendant to produce

> [a]ny and all records in your possession, custody, or control that are required to be maintained pursuant to 31 C.F.R. § 1010.420 (formerly 31 C.F.R. § 103.32) for the past 5 years relating to foreign financial bank, securities, or other financial accounts in a foreign country for which you had/have a financial interest in, or signature or other authority over and are required by law to file a Report of Foreign Bank and Financial Account (FBAR). The records required to be maintained pursuant to 31 C.F.R. § 1010.420 (formerly 31 C.F.R. § 103.32) include records that contain the name in which each such account is maintained, the number or other designation of such account, the name and address of the foreign bank or other person with whom such account is maintained, the type of such account, and the maximum value of each such account during the reporting period.

(See Grand Jury Subpoena (DE 167-1) at 4). Defendant claims that the grand jury subpoena violates her Fifth Amendment constitutional protection against self-incrimination under the act of production doctrine. The government responds in opposition, arguing that the required records doctrine overrides defendant's Fifth Amendment privilege.

In United States v. Under Seal, the Fourth Circuit expressly considered whether to quash a grand jury subpoena identical in substance to the one in the instant case, with the parties raising the

same arguments as here. 737 F.3d 330, 332 (4th Cir. 2013). On de novo review, the Fourth Circuit concluded the required records doctrine applied, and that defendants' Fifth Amendment privilege was inapplicable. Id. at 334-38. The Fourth Circuit's decision in Under Seal controls the disposition of defendant's motion. Accordingly, defendant's motion to quash grand jury subpoena (DE 167) is DENIED.

    SO ORDERED, this the 5th day of March, 2019.

                                        LOUISE W. FLANAGAN
                                        United States District Judge