IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:18-CR-00452-FL-2

| UNITED STATES OF AMERICA, | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| TATYANA ANATOLYEVNA TEYF, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motion for release of one 2018 Toyota Land Cruiser ("automobile") for purposes of paying counsel in this action. The court held hearing on defendant's motion for release of funds (DE 186) on March 28, 2019. At hearing, the court resolved the motion as to all property for which defendant sought release, except for the automobile. (See Order (DE 203)). The court directed the government to produce evidence showing probable cause the automobile bore a substantial connection to money laundering. (Order (DE 203) at 3). The government timely responded, and defendant responded in opposition. The issues raised are ripe for decision. For the reasons that follow, defendant's motion is denied in remaining part.

**COURT'S DISCUSSION**

A.  Standard of Review

The government is entitled to seize assets subject to forfeiture pending a criminal trial even if a defendant needs those assets to retain counsel. United States v. Monsanto, 491 U.S. 600, 615 (1989). A challenge to a pretrial seizure order does not permit the court to second-guess a grand jury's finding that probable cause supports the charged offense. Kaley v. United States, 571 U.S.

320, 330-31 (2014) (holding a grand jury's finding of probable cause is "conclusive" for purposes of freezing defendant's property). However, the court may revisit a finding of probable cause that certain assets are subject to forfeiture. Miller, 911 F.3d at 232 33 (citing Kaley, 571 U.S. at 324); United States v. Farmer, 274 F.3d 800, 803-06 (holding a defendant may obtain pretrial hearing on the issue of whether the government has shown probable cause to seize assets needed to secure counsel).

In the case of a money laundering offense, pretrial forfeiture of assets is only appropriate for property "involved in" or "traceable to" the alleged offenses, and not substitute property. See United States v. Miller, 911 F.3d 229, 232 33 (4th Cir. 2018); United States v. Chamberlain, 868 F.3d 290, 297 (4th Cir. 2017) (en banc). "When legitimate funds are commingled with property involved in money laundering or purchased with criminally derived proceeds, the entire property, including the legitimate funds, is subject to forfeiture." Miller, 911 F.3d at 232 (citing United States v. Kivanc, 714 F.3d 782, 794 (4th Cir. 2013)).

The burden is on the government to show probable cause to believe that the assets are forfeitable, which requires showing that they have a "substantial connection" to the crime on which forfeiture is predicated. United States v. Herder, 594 F.3d 352, 364 (4th Cir. 2010); United States v. Leak, 123 F.3d 787, 791 92 (4th Cir.1997). "Probable cause" is defined as "reasonable ground for belief of guilt, supported by less than prima facie proof but more than mere suspicion." Leak, 123 F.3d at 792. When making the probable cause determination, the court is not to consider evidence piecemeal, but rather must consider evidence within the totality of the circumstances at issue. United States v. Thomas, 913 F.2d 1111, 1117 (4th Cir.1990). "Under the substantial connection test, the property either must be used or intended to be used to commit a crime, or must

2

facilitate the commission of a crime. At minimum, the property must have more than an incidental or fortuitous connection to criminal activity." United States v. $95,945.18, U.S. Currency, 913 F.2d 1106, 1110 (4th Cir. 1990) (citing United States v. Schifferli, 895 F.2d 987, 990 (4th Cir.1990)).

B.      Analysis

The government first argues that the court does not have jurisdiction to order the release of the automobile. (Gov. Resp. (DE 207) at 3). However, the government also concedes a grand jury in this district has returned a third superceding indictment listing the automobile in the forfeiture allegation. (Gov. Resp. (DE 207) at 3). Accordingly, the government's jurisdictional objection is moot.

Turning to the merits, the government has established a substantial connection between the automobile and the alleged money laundering. The automobile was purchased for $82,677.58. (Purchase Agreement (DE 207-1) at 1). Approximately $27,307.00 of the purchase price was covered by trade-in allowance, while the remaining $55,370.58 was paid by cashier's check. (Purchase Agreement (DE 207-1) at 1; Cashier's Check (DE 207-2) at 1). The cashier's check was funded through defendant's Bank of America ("BOA") account ending in 9748. (Check Order (DE 207-3) at 1). The court has already found probable cause that BOA 9748 bears a substantial connection to the money laundering offenses charged. (See Order (DE 203) at 4). Consequently, defendant's motion for release of the automobile is denied.

Defense counsel proceeds in this case under a notice of limited appearance. Motion for which he has appeared now has been fully resolved. Defendant must determine how she wishes to proceed with her representation, as set forth below.

**CONCLUSION**

For the foregoing reasons, remaining part of defendant's motion seeking release of the 2018 Toyota Land Cruiser (DE 186) is DENIED. Within 14 days, defendant is ORDERED to cause retained counsel to file a general notice of appearance or request the court to appoint counsel. If defendant seeks the court to direct the Federal Public Defender to appoint counsel under the Criminal Justice Act ("CJA"), defendant must also complete a revised CJA 23 financial affidavit evidencing inability to retain counsel. The affidavit must include a description of defendant's efforts to liquidate the jewelry released by the government for payment of counsel.

SO ORDERED, this the 22nd day of April, 2019.

_____
LOUISE W. FLANAGAN
United States District Judge