IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:18-CR-00452-FL-1
No. 5:18-CR-00452-FL-2

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| LEONID ISAAKOVICH TEYF, and | ) |
| TATYANA ANATOLYEVNA TEYF, | ) |
| Defendants. | ) |

This matter comes before the court on defendants' motions to dismiss counts 1–26 and 33–43 of the fourth superseding indictment, pursuant to Federal Rule of Criminal Procedure 12(b). (DE 381, 385). This matter also comes before the court on defendant Leonid Teyf's motion to dismiss the fourth superseding indictment for abuse of the grand jury process, also pursuant to Federal Rule of Criminal Procedure 12(b). (DE 382). The issues raised have been fully briefed, and in this posture are ripe for ruling. For the reasons that follow, defendants' motions are denied.

**BACKGROUND**

Defendant Leonid Teyf was indicted for conspiracy to commit money laundering, money laundering, bribery of a public official, murder for hire, possession of a firearm with an obliterated serial number, conspiracy to harbor illegal aliens, visa fraud, making false statements on a tax return, and failing to file a report of foreign bank and financial accounts. Defendant Tatyana Teyf was indicted for conspiracy to commit money laundering, money laundering, conspiracy to harbor

illegal aliens, making false statements on a tax return, and failing to file a report of foreign bank and financial accounts.

Defendants filed the instant motions to dismiss counts 1–26 and 33–43 of the fourth superseding indictment on January 13, 2020. Defendants argue that the government has failed to allege specified unlawful activity in each count, and that the fourth superseding indictment does not give them adequate notice of the charges against them.[1] The government responded in opposition, arguing that it does not have to plead the specific Russian laws violated to allege specified unlawful activity underlying money laundering offenses, and that it made sufficient allegations to put defendants on notice of the specified unlawful activity at issue.

Defendant Leonid Teyf separately filed the instant motion to dismiss the fourth superseding indictment for abuse of the grand jury process.[2] Defendant Leonid Teyf argues that issuance of a grand jury subpoena on February 22, 2019, for his bank records, as well as return of the third superseding indictment with new property included in the notice of forfeiture, rebut the presumption of regularity in the grand jury's return of the fourth superseding indictment. The court previously rejected defendant Leonid Teyf's contention of grand jury abuse regarding issuance and subsequent enforcement of the grand jury subpoena, granting the government's motion to compel compliance with the subpoena on December 3, 2019.[3] The government responds

---

[1] Defendant Tatyana Teyf adopts all the arguments made by defendant Leonid Teyf. (DE 385). Therefore, her motion may be disposed of on the same grounds as defendant Leonid Teyf.

[2] The court notes that the third superseding indictment is moot. Therefore, the court construes defendant's motion as one for dismissal of the fourth superseding indictment, the operative pleading in this case.

[3] To date, defendant Leonid Teyf has not complied with the subpoena, and the court has not held him in contempt for his failure to comply with the court's order. If the government seeks to further pursue enforcement of the subpoena after trial, the court will revisit whether defendant should be held in contempt, and/or whether the subpoena should be quashed. See In re Grand Jury Subpoena, 175 F.3d 332, 340 (4th Cir. 1999) (quoting United States v. (Under Seal), 714 F.2d 347, 350 (4th Cir. 1983)) ("A subpoena should [] only be quashed when [an]

in opposition, asserting its previous argument that the subpoena was regularly issued and asserting there was no irregularity in return of the third superseding indictment.

## COURT'S DISCUSSION

A.  Defendants' Motions to Dismiss Counts 1–26 and 33–43 (DE 381, 385)

"[A]n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." Hamling v. United States, 418 U.S. 87, 117 (1974); Russell v. United States, 369 U.S. 749, 763–64 (1962). The indictment must include every essential element of an offense, or else the indictment is invalid. United States v. Hooker, 841 F.2d 1225, 1228 (4th Cir. 1988) (en banc); United States v. Palin, 874 F.3d 418, 423–24 (4th Cir. 2017).

"The core of money laundering, which distinguishes one such offense from another, is the laundering transaction itself. Because the requirement that the funds be illegally derived is not the distinguishing aspect and therefore does not lie at the core of the offense, details about the nature of the unlawful activity underlying the character of the proceeds need not be alleged." United States v. Smith, 44 F.3d 1259, 1265 (4th Cir. 1995). All that is required to allege specified unlawful activity "is merely a categorical delineation of the type of funds that are subject to a money laundering charge." Id. at 1264–65; see United States v. Cherry, 330 F.3d 658, 667–68 (4th Cir. 2003) (finding money laundering counts sufficiently pleaded where the indictment alleged "that the money laundering transactions involved funds derived from a specified unlawful

---

illegitimate purpose is the 'sole or dominant purpose of seeking the evidence.'"). The only issue before the court is whether issuance of the subpoena somehow reflects abuse of the grand jury process with return of the fourth superseding indictment, which defendant asks the court to dismiss.

activity, and that such activity violated 18 U.S.C. § 656"); see also United States v. Bolden, 325 F.3d 471, 491–92 (4th Cir. 2003) (finding that the indictment put defendants on notice of the details of alleged specified unlawful activity).

The fourth superseding indictment sufficiently alleges specified unlawful activity in counts 1–26 and 33–43 the details of the laundering transactions. Each count "categorically delineates" the type of funds subject to the money laundering charge by alleging the specified unlawful activity as defined by 18 U.S.C. §§ 1956(c)(7)(B)(iv), 1957(f)(3): "an offense against a foreign nation (Russia) involving bribery of a public official and the misappropriation, theft, or embezzlement of public funds by or for the benefit of a public official." (Fourth Superseding Indictment (DE 248) ¶¶ 19–20, 23, 65).

In addition, the fourth superseding indictment gives defendants notice of the scheme that allegedly constitutes specified unlawful activity. Each money laundering count incorporates by reference paragraphs 1–16 of the fourth superseding indictment. (Id. ¶¶ 18, 22, 64). The Russian defense minister granted Voentorg a contract to provide the Russian military with goods and services, and Voentorg then subcontracted work to other companies. (Id. ¶ 7). Defendant Leonid Teyf allegedly devised a scheme where, prior to granting a subcontractor the work for Voentorg, the subcontractor had to agree that a certain percentage of the government funds which it would receive for completion of the work would be paid back to defendant Leonid Teyf and others involved in that scheme and artifice. (Id. ¶ 8). Those government funds were then paid in cash and amounted to more than $150,000,000 over an approximate two-year span. (Id.). Most of the funds were paid by defendant Leonid Teyf to the Russian defense minister, with defendant Leonid Teyf retaining the next largest share, and the remaining amount to be paid to other coconspirators.

(Id.). Defendant Leonid Teyf then allegedly paid off Russia's chief prosecutor to end an investigation into the scheme. (Id. ¶ 9).

Defendants rely on several different cases from the United States Court of Appeals for the Fourth Circuit, each of which are either inapposite or contradict their arguments. See United States v. Pupo, 841 F.2d 1235, 1238–39 (4th Cir. 1988) (en banc) (holding that the indictment failed to allege "either expressly or through words of import, that the defendants acted 'knowingly or intentionally'"); Hooker, 841 F.2d at 1227 (holding indictment of a RICO offense deficient where it did not allege "either directly or through incorporation by reference, any facts that would show that the enterprise affected interstate commerce"); United States v. Daniels, 973 F.2d 272, 275 (4th Cir. 1992) (holding an indictment insufficient where it failed to charge defendant had accomplished an unlawful transfer of a shotgun in violation of Title 26, Chapter 53).

Unlike the cases cited by defendants, the fourth superseding indictment expressly alleges that the property charged in the indictment was proceeds of specified unlawful activity, tracking the language of § 1956 and explaining the specified unlawful activity was "an offense against a foreign nation (Russia) involving bribery of a public official and the misappropriation, theft, or embezzlement of public funds by or for the benefit of a public official." (Fourth Superseding Indictment (DE 248) ¶¶ 19–20, 23, 65). Though not required to do so, the fourth superseding indictment also explains the conduct from which the proceeds are derived. (Id. ¶¶ 7–9, 18, 22, 64). Together with the required details of each alleged transaction, the fourth superseding indictment's "categorical delineation" of specified unlawful activity is sufficient to allege money laundering. See Smith, 44 F.3d at 1265; United States v. Lazarenko, 564 F.3d 1026, 1033–34 (9th

Cir. 2009) ("Nothing in our case law supports requiring the government to plead a specific violation of foreign law in an indictment.").

Defendants argue that each of the money laundering counts in the fourth superseding indictment do not refer to a "kickback scheme" at all. Defendants ignore the plain language of the fourth superseding indictment, which incorporates by reference allegations of defendant Teyf's alleged "kickback scheme" into each money laundering count. (Id. ¶¶ 18, 22, 64); see Hooker, 841 F.2d at 1227. Thus, defendants have notice that the government is alleging defendant Leonid Teyf's "kickback scheme" involved bribery of a public official and the misappropriation, theft, or embezzlement of public funds by or for the benefit of a public official in violation of Russian law.[4] Further embellishment by citation to a specific Russian law or the elements of the Russian criminal offense in the indictment is not necessary. See Fed. R. Crim. P. 7(c)(2) ("Unless the defendant was misled and thereby prejudiced, neither an error in a citation nor a citation's omission is a ground to dismiss the indictment or information or to reverse a conviction."); Cherry, 330 F.3d at 667–68; Smith, 44 F.3d at 1265.

For these reasons, defendants' motions to dismiss counts 1–26 and 33–43 of the fourth superseding indictment are denied.

B.     Defendant Leonid Teyf's Motion to Dismiss for Grand Jury Abuse (DE 382)

"No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury . . . ." U.S. Const. amend. V. In discharging its

---

[4]     Defendants argue that there is a difference between a "kickback" and a "bribe." Compare Bribe, Black's Law Dictionary (11th ed. 2019) ("A price, reward, gift or favor given or promised with a view to pervert the judgment of or influence the action of a person in a position of trust.") with Kickback, Black's Law Dictionary (11th ed. 2019) ("A sum of money illegally paid to someone in authority, esp. for arranging for a company to receive a lucrative contract; esp., a return of a portion of a monetary sum received, usu[ally] as a result of coercion or a secret agreement."). This distinction is immaterial where the fourth superseding indictment alleges a scheme involving both kickbacks and bribery. (See Fourth Superseding Indictment (DE 248) ¶¶ 8, 9).

constitutional responsibility, the grand jury must be "'free to pursue its investigations unhindered by external influence or supervision so long as it does not trench upon the legitimate rights of any witness called before it.'" United States v. Williams, 504 U.S. 36, 48–49 (1992) (quoting United States v. Dionisio, 410 U.S. 1, 17–18 (1973)).  To make a showing of grand jury abuse, defendant bears the burden of rebutting a "presumption of regularity [that] attaches to a grand jury's proceedings."  United States v. Bros. Const. Co. of Ohio, 219 F.3d 300, 314 (4th Cir. 2000) (quoting United States v. Moss, 756 F.2d 329, 332 (4th Cir. 1985)).  "This presumption is further strengthened where, as here, a grand jury returns new indictments with additional charges or defendants."  United States v. Alvarado, 840 F.3d 184, 190 (4th Cir. 2016).  Moreover, "a grand jury subpoena issued through normal channels is presumed to be reasonable, and the burden of showing unreasonableness must be on the recipient who seeks to avoid compliance."  United States v. R. Enterprises, Inc., 498 U.S. 292, 301 (1991); Dionisio, 410 U.S. at 16 (citing Stirone v. United States, 361 U.S. 212, 218 (1960)).

Defendant's principal argument of irregularity concerns issuance of a grand jury subpoena on February 22, 2019, ordering defendant to produce his bank records not later than March 5, 2019.  (See Grand Jury Subpoena (DE 175-1) at 2, 4).  On May 9, 2019, the grand jury returned fourth superseding indictment, bringing new charges against defendant for making false statements on his tax returns and failing to file FinCen Form 114.  (Fourth Superseding Indictment (DE 248) ¶¶ 67–70).  Defendant's prior counsel acknowledged in open court that "[w]hen the subpoena was issued, there weren't the pending charges of failure to identify foreign bank accounts and the resulting tax fraud charges for — that go with those."  (Transcript of Hearing ("Tr.") 17:17–20).  Thus, the issuance of the subpoena was not unreasonable.

7

Defendant's second argument concerning unreasonableness addresses the third superseding indictment, which did not add new counts to the indictment but did add new property to the notice of forfeiture. Defendant offers no authority in support of his argument that the government cannot seek a new indictment to add or remove property to an accompanying notice of forfeiture. In fact, the only authority that defendant cites is a DOJ policy on plea agreements incorporating criminal forfeiture, which states "[t]o the extent property is known to be subject to forfeiture, it should be listed in the indictment, information, or in a subsequent bill of particulars." Department of Justice, Asset Forfeiture Policy Manual 159 (2019), available at https://www.justice.gov/criminal-afmls/file/839521/download [https://perma.cc/WX38-JJ25]. Not only is defendant's authority inapposite to the instant situation, but it does not support his argument that a superseding indictment is an inappropriate vehicle for noticing property to be forfeited. See Fed. R. Crim. P. 32.2(a) (requiring notice of forfeiture be part of the indictment but allowing the government the option not to identify the property subject to forfeiture). Moreover, defendant fails to persuasively explain why any alleged irregularity in the third superseding indictment was not mooted by the fourth superseding indictment. Therefore, defendant fails to rebut the presumption of regularity attached to the grand jury's issuance of the fourth superseding indictment.

Finally, defendant argues that the court should conduct an in-camera review of the grand jury proceedings. Where defendant has failed to show unreasonableness in return of the fourth superseding indictment, the court declines to make such inquiry. See R. Enterprises, 498 U.S. at 301–02. Defendant's motion to dismiss for grand jury abuse is denied.

## CONCLUSION

Based on the foregoing, defendants' motions to dismiss Counts 1–26 and 33–43 of the fourth superseding indictment (DE 381, 385) are DENIED. Defendant Leonid Teyf's motion to dismiss for grand jury abuse (DE 382) is DENIED.

SO ORDERED, this the 6th day of February, 2020.

_____
LOUISE W. FLANAGAN
United States District Judge